**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LUCINDA L. SHEPHARD,**

        **Plaintiff *Pro se*,**

        **v.**

**INTERNAL REVENUE SERVICE, DENISE BRADLEY,**
**BANK OF NEW YORK, and LAURA KUSHELEVA,**

        **Defendants.**
_____

**5:05-CV-885**
**(NAM/GJD)**

**APPEARANCES:**

Lucinda L. Shephard,
*Plaintiff pro se*

Scolaro, Schulman, Cohen, Fetter & Burstein, P.C.
507 Plum Street
Suite 300
Syracuse, New York 13204
*For Defendants*

**OF COUNSEL:**

Andrew M. Knoll, Esq.

**Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

    Defendants Bank of New York and Laura Kusheleva move to dismiss the complaint pursuant to Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure. Plaintiff Lucinda Shephard opposes defendants' motion.

### THE COMPLAINT

    Construed liberally, the complaint alleges as follows: In July 2003, the Internal Revenue Service (IRS) sent a letter stating it had changed plaintiff's tax return form and threatening to issue a "Notice of Deficiency". Plaintiff responded to the IRS with a letter requesting that the

IRS provide its credentials and "the delegation of authority to change [her] return." Plaintiff received neither.

In November 2003, the IRS sent plaintiff a letter threatening to seize plaintiff's wages or property. The letter also listed a "CIUPen for period ending 12/31/2001 for the amt. of $500 plus interest." Plaintiff responded with a letter to the IRS requesting a copy of the original lien pursuant to the Freedom of Information Act. Plaintiff has not received a copy of the original lien.

In December 2003, plaintiff received a letter from the IRS containing a "Final Notice of Intent to Levy." Plaintiff replied with a request for a copy of the "original judge signed levy". According to the complaint, "[n]one has been received."

In April 2004, plaintiff received a letter from the IRS stating that it had changed her "1040A Form" for the 2001 tax year as a result of a recent audit. Plaintiff requested that the IRS send her a document showing "a delegation of authority to change or make up a 1040 return and the Internal Revenue Code sections that show liability for tax they claim [she] owe[s]."

In June 2004, the IRS sent a second "Final Notice of Intent to Levy." Again, plaintiff responded with a request for a copy of the "original levy". "None has been sent."

In May 2005, defendant Denise Bradley, operations manager of the Kansas City, Missouri office of the IRS, sent a "Notice of Levy" to defendant Bank of New York, plaintiff's employer. Defendant Laura Kusheleva, who worked in the Bank's payroll operations, "forwarded a copy of same in June 2005", presumably, to plaintiff. Plaintiff then "forwarded" copies of the above referenced letters from the IRS, her responses to them, and the "applicable laws" to Kusheleva. Plaintiff then sent a "reply" to Bradley and Kusheleva stating that since the IRS failed to provide a copy of the "original levy", she concluded that the IRS had "filed no such original levy for

2

which there is any tax bill" and had no legal authority to collect "any penalty or interest".

On July 7, 2005, the Bank took $385.08 from plaintiff's pay in response to what plaintiff alleges is "the illegal notice of levy" "without proper delegation of authority or a copy of the original levy".

As a result of the above events, plaintiff brings three causes of action. First, plaintiff asserts that the IRS altered her "Form 1040A" for the 2001 tax year without "delegation of authority" and in violation of Internal Revenue Code (IRC) § 6020(b) and "Delegation Order No.DD-OKC-150 rev 4". Second, plaintiff asserts that the IRS, Bradley, the Bank, and Kusheleva improperly garnished her earnings in violation of 28 U.S.C. § 3001 *et seq*., the Federal Debt Collections Procedure Act (FDCPA) and the IRC. Third, plaintiff alleges that the IRS violated 26 U.S.C. § 7214 and 18 U.S.C. §§ 241, 242, and 872. Plaintiff seeks a return of the money garnished from her wages, damages, and interest.

## DISCUSSION

### Standard

It is well-established that the Court must consider a *pro se* complaint liberally. *Phillips v. Girdich*, 408 F.3d 124, 127-28 (2d Cir. 2005). When considering a motion to dismiss a complaint under Rule 12(b)(6), a court "'must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally.'" *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A court may not dismiss an action "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley*, 355 U.S. at 45-46. "'[T]he issue is not whether a plaintiff

3

will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  It is well settled that the Court may not look to evidence outside the pleadings in deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *Kramer v. Time Warner, Inc.*, 937 F.2d 767 (2d Cir. 1991) ("In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.").  Accordingly, the Court has confined its review to the complaint.

### Immunity

Defendants assert that they are not, as a matter of law, liable to plaintiff in this case because the claims in the complaint stem from defendants' compliance with the notices of levy they received from the IRS regarding plaintiff.  Defendants therefore argue that the complaint against them must be dismissed.  Plaintiff opposes defendants' motion.

Pursuant to 26 U.S.C. § 6332(e):

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

"If, on the other hand, the custodian refuses to honor a levy, he incurs liability to the Government for his refusal."  *United States v. National Bank of Commerce*, 472 U.S. 713, 721 (1985).  Two circumstances justify noncompliance with a levy: (1) the person levied upon does not possess the property; or (2) "the property is subject to prior judicial attachment."  *Soffer v. United States*, 01

4

Civ. 0945, 2002 WL 741653, at *6 (S.D.N.Y. Mar. 20, 2002).  There is no indication in the complaint that those circumstances are at issue in this case.  Thus, to the extent the complaint challenges defendants' compliance with the IRS's "Notice of Levy", because § 6332(e) immunizes defendants from suit, it fails to state a claim upon which relief can be granted.  *See id*. (dismissing the complaint because the defendants, who complied with the notices of levy issued by the IRS and levied the plaintiff's assets, were immune from suit pursuant to § 6332(e)).  Based on the foregoing, the Court need not address defendants' remaining arguments.  Accordingly, defendants' motion to dismiss is granted.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the motion to dismiss by defendants Bank of New York and Laura Kusheleva is GRANTED; and it is further

ORDERED that the Clerk of the Court is directed to terminate defendants Bank of New York and Laura Kusheleva from this action.

IT IS SO ORDERED.

DATE:  September 26, 2006

_____
Norman A. Mordue
Chief United States District Court Judge